# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICHOLAS CHRISTOPHER PAPPAS, | ) | 1:14-cv-00109 GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER REQUIRING PLAINTIFF TO |
| | ) | FILE AMENDED COMPLAINT OR |
| v. | ) | NOTIFY COURT OF WILLINGESS TO |
| | ) | PROCEED ONLY ON CLAIMS |
| | ) | FOUND TO BE COGNIZABLE |
| NORTH KERN STATE PRISON, et al., | ) | |
| | ) | RESPONSE DUE IN THIRTY DAYS |
| Defendants. | ) | |
| | ) | |

## I.    Screening Requirement

Plaintiff  is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]  Plaintiff filed a consent to proceed before a magistrate judge on March 24, 2014 (ECF No. 6).

## II.   Plaintiff's Claims

### A.   Summary of Complaint

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at North Kern State Prison.  Plaintiff brings this civil rights action against defendant officials employed by the CDCR at North Kern State Prison.  The events giving rise to the claims at issue in this action allegedly occurred at North Kern.  Plaintiff names as defendants North Kern State Prison, the CDCR, and "correctional officers 1,2,3,4,5."

On September 20, 2013, Plaintiff asked to be placed in protective custody "due to being a homosexual."  Plaintiff alleges that "instead of following procedures," a C/O harassed Plaintiff, using derogatory terms.  Plaintiff alleges that the harassment continued during the morning meal, where Plaintiff was "in risk of harm or death by prison gangs (due to their prison rule to not allow homosexuals around them in G.P. or S.N.Y.)"  Plaintiff then asked C/O Lopez "to please stop the comments due to the risk he's putting me in."   C/O Lopez continued with his remarks. When Plaintiff asked him "what his issue with gays was," Lopez "stepped back, shouted, then sprayed me with mace, pulled out his baton and beat me with it, then once on the ground he sprayed me again in the face with mace."

Plaintiff also alleges that, even though C/O Lopez told an investigative employee that he was never assaulted, Plaintiff was charged with and found guilty of assault on staff.  In addition, Plaintiff alleges that he was not allowed to call his witnesses at his hearing.

### B.   Eighth Amendment Claims

#### 1.   Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment.  Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted).  For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson, 503 U.S. at 7.  Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident.  Id. at 9-10; see

also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff's allegations describing the incident of physical force on September 20, 2013, are sufficient to give rise to a claim for relief against C/O Lopez for use of excessive physical force.

### 2.   **Failure to Protect**

The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the officials acted with deliberate indifference to the threat of serious harm or injury to an inmate. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has both subjective and objective components.  A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw the inference."  Farmer, 511 U.S. at 837.  Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.

Here, Plaintiff fails to allege facts from which an inference could be drawn that any individual defendant knew of a specific harm to Plaintiff and disregarded that harm.  Plaintiff concludes that defendants are liable because, in general, homosexuals are at risk in the prison population.  That Plaintiff is, in his view, at risk due to being a homosexual is not enough, of itself, to indicate that Plaintiff faces a specific harm.  An individual defendant must be aware of a specific threat to Plaintiff's safety.   The Ninth Circuit has held that inmates of opposite gangs placed in a cell with each other, with nothing more, fails to satisfy the Eighth Amendment's standard that prison official must be aware of a specific risk to an inmate.  Labatad v. Corrections Corp. of America, 714 F.3d 1155 (9th 2013).   The facts alleged suggest that although Plaintiff did fear for his safety, there was no specific information that any individual

Defendant knew from which they could draw an inference that Plaintiff was subjected to a specific risk of harm.  This claim should therefore be dismissed.

### C.   Disciplinary Hearing

In Edwards v. Balisok, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 487 (1994), to prison disciplinary hearings.  In Heck, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.  512 U.S. at 487.  In applying the principle to the facts of Balisok, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing.  520 U.S. at 646.  Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983.  Heck, 512 U.S. at 487; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Although the specific facts of Balisok involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing.  The Ninth Circuit has recently applied the Balisok rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole.  Butterfield v. Bail, 120 F.3d 1023 (9th Cir. 1997).  Because the claim necessarily implies the invalidity of the plaintiff's continued confinement, it could not accrue until the conviction or sentence has been invalidated.  Id.

Here, Plaintiff's core factual allegations are that he was convicted based upon false testimony, and he was not allowed to call witnesses.  Plaintiff's claim therefore implies the invalidity of his conviction.   Because plaintiff's claim necessarily implies the invalidity of his

continued confinement as a result of his disciplinary hearing, Plaintiff's claim will not accrue until the conviction or sentence has been invalidated.

### D.   Doe Defendants

Plaintiff identifies C/O Lopez, and names as other individual defendants Correctional Officers one through five.  The Court cannot order service upon unidentified defendants.  In order to hold an individual liable, Plaintiff must identify the individual defendant and charge that defendant with conduct that violated Plaintiff's rights.  Under section 1983, Plaintiff is required to show that Defendants (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right.  Hydrick, 500 F.3d at 987.  "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'"  Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

Plaintiff has not identified Does 1-5, nor has he linked them to any acts or omissions that violated Plaintiff's federal rights.  Therefore, Plaintiff fails to state claims against them.

### E.   Eleventh Amendment

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend  to suits brought against a state both by its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California

<u>Department of Transportation</u>, 96 F.3d 420, 421 (9th Cir. 1996); <u>Brooks</u>, 951 F.2d at 1053;

<u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of

Prisons was a state agency entitled to Eleventh Amendment immunity); <u>Mitchell v. Los Angeles</u>

<u>Community College District</u>, 861 F.2d 198, 201 (9th Cir. 1989).   Defendants North Kern State

Prison and California Department of Corrections and Rehabilitation, as agencies of the state, are

therefore immune from suit.

## III.   **Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against C/O Lopez for

use of excessive physical force.  The complaint does not state any other cognizable claims.  The

Court will provide Plaintiff with the opportunity to file an amended complaint curing the

deficiencies identified by the Court in this order.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th

Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in

his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding

only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in

writing, and the Court will dismiss the other claims and defendants, and will forward to Plaintiff

one summons and one USM-285 form for completion and return.  Upon receipt of the forms, the

Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a),

but must state what each named defendant did that led to the deprivation of Plaintiff's

constitutional or other federal rights, <u>Hydrick</u>, 500 F.3d at 987-88.  Although accepted as true,

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

. . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554  (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

<u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565,

567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an

original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send to Plaintiff a civil rights complaint form;

2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

      a.    File an amended complaint curing the deficiencies identified by the Court in this order, or

      b.    Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against C/O Lopez for use of excessive physical force; and

3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   __**August 26, 2014**__       _____**/s/ Gary S. Austin**_____
                               UNITED STATES MAGISTRATE JUDGE