UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CHRISTOPHER PAPPAS,<br><br>   Plaintiff,<br><br>  vs.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>   Defendants. | 1:14-cv-00109-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br>(Doc. 11.) |

**I. BACKGROUND**

  Nicholas Christopher Pappas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 27, 2014. (Doc. 1.)

  On March 24, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

  On September 26, 2014, Plaintiff filed a request for the court to protect him from retaliation by correctional staff. (Doc. 11.) The court treats this request as a motion for preliminary injunctive relief.

## II.   MOTION FOR PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff has requested the court to protect him from retaliation by prison staff. A court order protecting Plaintiff from retaliation would not remedy any of the claims upon which this action proceeds. This action is proceeding against defendant Lopez for use of excessive force against Plaintiff, based on an incident occurring on September 20, 2013, before Plaintiff filed this action in January 2014. Plaintiff now seeks a court order protecting him from present and future actions. Because such an order would not remedy any of the claims upon which this

action proceeds, the Court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.     CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on September 15, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **September 29, 2014**                          **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE