UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CHRISTOPHER PAPPAS,<br><br>    Plaintiff,<br><br>    vs.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>    Defendants. | 1:14-cv-00109-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF (Doc. 16.)<br><br>ORDER ADDRESSING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>THIRTY DAY DEADLINE TO FILE FIRST AMENDED COMPLAINT, IF HE SO WISHES<br><br>ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |

**I.    BACKGROUND**

Nicholas Christopher Pappas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 27, 2014. (Doc. 1.) On March 24, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This case now proceeds with Plaintiff's original Complaint against defendant Correctional Officer (C/O) Lopez ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1).  On October 16, 2014, the court issued an order directing the United States Marshal to serve process upon Defendant.  (Doc. 15.)  To date, there is no evidence on the court's record that Defendant has been served, and Defendant has not appeared in this action.  (Court Record.)

On December 4, 2014, Plaintiff filed motion for preliminary injunctive relief and a motion to amend the Complaint.  (Doc. 16.)

**II.     PRELIMINARY INJUNCTIVE RELIEF**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of

---

[1] On September 29, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 12.)

the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff requests a court order requiring Warden K. Holland to retrain certain correctional officers as to their expected duties and the mandated program for allowing inmates to take showers.  Plaintiff also requests an order directing prison officials to allow him to shower at least every 72 hours.  Plaintiff also requests immediate transfer to another facility if prison officials continue their improper conduct or begin to act with criminal intent out of retaliation.

Plaintiff's motion must be denied because such relief would not remedy any of the claims in Plaintiff's Complaint.  The Court lacks jurisdiction to issue an order requiring officials to conduct training of correctional officers, directing officials to allow him to take showers, or transferring him to another facility, because the Court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Plaintiff's Complaint in this action arises from an incident of excessive force by defendant C/O Lopez which allegedly occurred in September 2013.  Plaintiff now requests a court order requiring future action.  Because the court order sought by Plaintiff for future action would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such orders, and Plaintiff's motion must be denied.

**III.   LEAVE TO AMEND – RULE 15(a)**

Plaintiff requests leave to amend the Complaint to add defendant C/O Lomas, and possibly other defendants, for conduct occurring in November 2014 when officers refused to allow Plaintiff to take a shower.

Plaintiff is hereby informed that under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the

court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an amended complaint as a matter of course. However, the court strongly suggests to Plaintiff that he should not amend the Complaint at this stage of the proceedings to add a claim about denial of access to showers in November 2014. Under Rule 18(a) of the Federal Rules of Civil Procedure, Plaintiff may not change the nature of this suit by adding new, unrelated claims in an amended complaint, George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints), and therefore it would be futile for Plaintiff to add this unrelated claim. Moreover, Plaintiff is cautioned not to add claims to the Complaint based on events occurring after the original Complaint was filed and for which he has not exhausted administrative remedies. Should Plaintiff decide to file an amended complaint, he should seriously consider whether any added claims could be found cognizable by the court. The court is required to screen Plaintiff's complaints under 28 U.S.C. § 1915A before they can proceed against the defendants.

Plaintiff has leave to file an amended complaint if he so wishes. Plaintiff is informed that he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is also advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint, if

any, should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

### IV. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for preliminary injunctive relief is DENIED;
2. Plaintiff is informed that he has leave to amend the complaint once as a matter of course, if he so wishes, within thirty (30) days from the date of service of this order;
3. The First Amended Complaint, if any, should be clearly and boldly titled "First Amended Complaint," refer to case number 1:14-cv-00109-GSA-PC, and be an original signed under penalty of perjury;
4. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and
5. Should Plaintiff decide not to file an amended complaint within thirty days, this case shall proceed with the original Complaint against defendant C/O Lopez, on Plaintiff's claim for excessive force.

IT IS SO ORDERED.

Dated:   **December 5, 2014**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE