UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CHRISTOPHER PAPPAS,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>Defendants. | 1:14-cv-00109-GSA-PC<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>ORDER DISREGARDING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AS MOOT<br><br>(Doc. 18.) |

**I.     BACKGROUND**

Nicholas Christopher Pappas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 27, 2014. (Doc. 1.) On March 24, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 6.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This case now proceeds with Plaintiff's original Complaint against defendant Correctional Officer (C/O) Lopez ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]  (Doc. 1).  On October 16, 2014, the court issued an order directing the United States Marshal to serve process upon Defendant.  (Doc. 15.)  To date, there is no evidence on the court's record that Defendant has been served, and Defendant has not appeared in this action.  (Court Record.)

On December 8, 2014, Plaintiff filed motion for preliminary injunctive relief and for leave to amend the Complaint.  (Doc. 18.)

## II.     PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of

---

[1] On September 29, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim.  (Doc. 12.)

the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Plaintiff requests a court order for Warden K. Holland to search certain officers' work files for malicious behavior, and to have the officers removed from their duties; for Warden K. Holland to undergo a psychological evaluation for post-traumatic stress disorder and take anger management training; for Warden K. Holland to install video recording devices in each section of the prison; and for Plaintiff to be transferred to another facility.

Plaintiff's motion must be denied because such relief would not remedy any of the claims in Plaintiff's Complaint.  The Court lacks jurisdiction to issue an order granting the relief sought by Plaintiff, because the Court does not have such a case or controversy before it in this action.  See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  Plaintiff's Complaint in this action arises from an incident of excessive force by defendant C/O Lopez which allegedly occurred in September 2013. Plaintiff now requests a court order requiring future action.  Because the court order sought by Plaintiff for future action would not remedy any of the claims upon which this action proceeds, the court lacks jurisdiction to issue such orders, and Plaintiff's motion must be denied.

### III.    LEAVE TO AMEND – RULE 15(a)

Plaintiff requests leave to amend the Complaint to add new defendants and claims to this action.  Plaintiff's motion is moot because he was advised by the court's order on December 5, 2014, that he has leave to amend the Complaint at this stage of the proceedings, if he so wishes.  The court's order advised Plaintiff that if he wishes to amend the Complaint, he must file a First Amended Complaint which is complete in itself without reference to the prior Complaint.  Plaintiff should refer to the court's December 5, 2014 order for instruction.

### IV.    CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's motion for preliminary injunctive relief is DENIED; and

2. Plaintiff's motion for leave to amend the Complaint is DISREGARDED as moot.

IT IS SO ORDERED.

Dated:  **December 11, 2014**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE