UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CHRISTOPHER PAPPAS,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>Defendants. | 1:14-cv-00109-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, FOR LACK OF JURISDICTION (Doc. 31.) |

## I.  BACKGROUND

Nicholas Christopher Pappas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 27, 2014. (Doc. 1.) This case now proceeds with Plaintiff's original Complaint against defendant Correctional Officer (C/O) Lopez ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 1).

On February 25, 2015, Plaintiff filed motion for preliminary injunctive relief, which is now before the court. (Doc. 31.)

---

[1] On September 29, 2014, the court issued an order dismissing all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 12.)

1

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### Discussion

Plaintiff is presently incarcerated at the California Correctional Institution (CCI) in Tehachapi, California. Plaintiff seeks a court order requiring prison staff at CCI to stop their retaliation and other misconduct against him.

"A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

///

Plaintiff's Complaint now proceeds against defendant Lopez for use of excessive force, based on an incident allegedly occurring on September 20, 2013, at North Kern State Prison in Delano, California, when Plaintiff was incarcerated there. The order Plaintiff seeks would bar persons who are not defendants in this action, and who are not before the court, from acting and would not remedy any of the claims upon which this action proceeds.  Therefore, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied.

### III.     CONCLUSION

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for preliminary injunctive relief, filed on February 25, 2015, is DENIED for lack of jurisdiction.

IT IS SO ORDERED.

Dated:   **February 26, 2015**                     **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE