UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CHRISTOPHER PAPPAS,<br><br>Plaintiff,<br><br>vs.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>Defendants. | 1:14-cv-00109-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT LOPEZ'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST REMEDIES BE GRANTED<br>(ECF No. 34)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Nicholas Christopher Pappas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 27, 2014. (ECF No. 1) This case now proceeds against defendant Correctional Officer J. Lopez, for use of excessive force in violation of the Eighth Amendment.

On May 1, 2015, Defendant Lopez filed a motion for summary judgment under Rule 56 on the ground that the undisputed facts establish that Plaintiff failed to exhaust his available

administrative remedies with respect to Plaintiff's claim against him in this action. (ECF No. 34) Plaintiff filed an opposition to Defendant's motion on June 4, 2015 (ECF No. 39), and Defendant filed a reply on June 11, 2015 (ECF No. 42)  Defendant Lopez's motion for summary judgment is now before the Court.

## II.   SUMMARY OF COMPLAINT

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at North Kern State Prison. Plaintiff claims that on September 20, 2013, he asked to be placed in protective custody "due to being a homosexual." Complaint, p. 4; ECF No. 1. Plaintiff alleges that "instead of following procedures," a C/O harassed Plaintiff, using derogatory terms. Id. Plaintiff alleges that the harassment continued during the morning meal, where Plaintiff was "in risk of harm or death by prison gangs (due to their prison rule to not allow homosexuals around them in G.P. or S.N.Y.)" Id. Plaintiff then asked Defendant C/O Lopez "to please stop the comments due to the risk he's putting me in." Id. C/O Lopez allegedly continued with his remarks. When Plaintiff asked him "what his issue with gays was," Lopez allegedly "stepped back, shouted, then sprayed me with mace, pulled out his baton and beat me with it, then once on the ground he sprayed me again in the face with mace." Id.

This Court[1] screened Plaintiff's complaint and found that it stated a claim for excessive force in violation of the Eighth Amendment against Defendant Lopez. (ECF No. 8) The Court dismissed the other defendants and causes of action, including Plaintiff's challenge to his disciplinary proceeding.

## III.   LEGAL STANDARDS

### A.   Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners

---

[1] Screening was done by the prior judge, Magistrate Judge Gary Austin.

are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006). When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

### B. California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal.Code Regs. tit. 15 § 3084.1(a). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within thirty calendar days of the event being appealed. Id. at § 3084.5. The California prison administrative grievance process is initiated by an inmate filing an Inmate/Parolee Appeal Form 602. Id. at §§ 3084.1, 3084.2(a). The grievance process has three levels of review. Id. at § 3084.7.

### C. Standards for Summary Judgment Based on Exhaustion

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.") A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). The Court must liberally construe Plaintiff's filings because he is a pro se prisoner. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

## IV.  ANALYSIS

Defendant Lopez claims that Plaintiff failed to exhaust his administrative remedies because he did not file a 602 appeal claiming that Defendant Lopez used excessive force within the time required under prison rules or prior to filing this lawsuit.

According to the declaration of B. Johnson (ECF No. 42-2), Plaintiff submitted two inmate appeals to the first or second level of review between the date of the incident in question, September 20, 2013, and filing of this lawsuit, January 27, 2014.  These two appeals were screened-out for failing to comply with applicable procedural rules.  One, NKSP-D-13-03961, was rejected for failing to attached the applicable rules violation report. (ECF No. 42-2, Ex. D)  The second, NKSP-D-13-03962, was rejected because it addressed two issues that should be submitted separately, namely request for a cellmate and appeal of a rules violation report. (ECF No. 42-2 Ex. E)

Notably, Defendant Lopez did not submit copies of these 602 forms in moving for summary judgment.  Defendant claims that the prison does not keep copies of screened-out appeals.  Indeed, Defendant initially represented to the Court in its summary judgment motion that Plaintiff had not submitted any form 602 at all during this period. (ECF No. 34, p. 2:14-16) ("Plaintiff filed no inmate appeals at NKSP—at any level of review—from September 20, 2013 through January 27, 2014").  However, in opposing Defendant's motion for summary judgment, Plaintiff submitted a form 602 dated November 1, 2013.  In reply, Defendant concedes he made an error and includes the screening memos for this and another grievance filed in the relevant time period.  The prison's faulty record keeping and initial misstatement on this critical point is frustrating and makes it more difficult for the Court to properly assess Defendant's exhaution arguments.

Nevertheless, the form 602 that Plaintiff submits in his opposition does not concern his allegations of excessive force against Defendant Lopez.  Instead, the form 602 from November 1, 2013 argues that Plaintiff did not receive due process and should get a rehearing on an alleged violation against him that resulted in discplinary action. (ECF No. 39 p. 36-37)  This is consistent with the response from the prison, attached to Defendant's reply, which states that

"you [Plaintiff] are attempting to appeal a RVR [Rule Violation Report]," and asks Plaintiff to submit a copy of that RVR. (ECF No. 42-2, Exh. D). Thus, the evidence submitted in connection with all briefs indicates that Plaintiff did not file an administrative grievance addressing the allegations at issue in this complaint prior to filing the complaint, and thus did not properly exhaust his administrative remedies.[2]

Plaintiff subsequently submitted a form 602 grievance on March 13, 2014, which states in part "C.O. Lopez used excessive use of force against me with malicious and sidistic [sic] pleasure by his actions." (ECF No. 42-2, p. 9) The grievance states that the issue concerns "appeal disposition of 115" and asks to "have 115 dismissed or reheard and dropped to lesser charge, dismiss pending SHU term, and restore all lost credit." (Id., p. 8) The March 13, 2014 grievance referencing excessive force by Defendant Lopez appears to have been raised in the context of contesting the results of a hearing. Regardless, this later grievance was not submitted until after filing of this complaint. Thus, even if the reference to excessive force were sufficient to raise the issue in the grievance process, it was filed more than thirty days after the incident, and thus not in compliance with prison grievance procedures. It was also filed after filing of this complaint, so further cannot satisfy the exhaustion requirement. 42 U.S.C.A. § 1997e ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); Woodford, 548 U.S. at 88-89 ("The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.") (internal quotations and citations omitted).

Because Plaintiff failed to exhaust his administrative remedies, his claim against Defendant Lopez for excessive force should be dismissed.

\\
\\

---

[2] To the extent that the form 602 grievance addressed Plaintiff's related disciplinary proceeding, it is worth noting again that the Court dismissed Plaintiff's claims regarding his disciplinary hearing on the basis of Heck v. Humphrey, 512 U.S. 477, 487 (1994). (ECF No. 8, p.4).

V.     CONCLUSION AND RECOMMENDATIONS

Defendant Lopez has met his burden of demonstrating that under the undisputed facts, Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a), concerning his allegation that Defendant Lopez used excessive force against him on September 20, 2013.

Therefore, **IT IS HEREBY RECOMMENDED that** Defendant Lopez's motion for summary judgment, filed on May 1, 2015, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within thirty (30) days** after being served with these findings and recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 29, 2015**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE