# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS CHRISTOPHER PAPPAS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NORTH KERN STATE PRISON, et al.,<br><br>　　　　Defendants. | 1:14-cv-00109-DAD-EPG-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 45.)<br><br>**New Deadline To File Dispositive Motions**:<br>　　Sixty Days After Court's Ruling<br>　　On Defendant's Exhaustion Motion<br>　　of May 1, 2015 |

## I.  BACKGROUND

Nicholas Christopher Pappas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 27, 2014. (ECF No. 1.) This case now proceeds against defendant Correctional Officer J. Lopez ("Defendant"), for use of excessive force in violation of the Eighth Amendment.

On February 4, 2015, the Court issued a Discovery/Scheduling Order setting out deadlines in this action, including a May 4, 2015 deadline to file exhaustion motions, October 4, 2015 deadline to complete discovery, and December 14, 2015 deadline to file dispositive motions. (ECF No. 26.)

On December 11, 2015, Defendant filed a motion to modify the Discovery/Scheduling Order to extend the deadline for filing dispositive motions. (ECF No. 45.) Plaintiff has not opposed the motion.

## II. MOTION TO MODIFY SCHEDULING ORDER

### A. Legal Standard

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

### B. Defendant's Motion

Defendant requests an extension of the December 14, 2015 deadline to file dispositive motions. Defendant argues that the parties have been diligent about meeting the Court's deadlines, but the deadline to file dispositive motions is fast approaching and the Court has not yet ruled on Defendant's exhaustion motion (motion for summary judgment for failure to exhaust remedies), which will resolve the case if granted. In the event the Court denies the exhaustion motion and the case is not resolved, Defendant seeks time to file another dispositive motion after the Court's ruling. Defendant requests an extension of time until sixty days after the date the Court rules on the exhaustion motion.

### C. Discussion

The Court finds that Defendant has been diligent about meeting the Court's deadlines. The Court issued the Discovery/Scheduling Order on February 4, 2015. (ECF No. 26.) The deadline to file exhaustion motions was May 4, 2015. (Id.) Defendant filed an exhaustion motion on May 1, 2015; Plaintiff filed an opposition to the motion on June 4, 2015; and

Defendant filed a reply to the opposition on June 11, 2015. (Declaration of Monica N. Anderson at ¶2-3.) The Court issued findings and recommendations to grant the exhaustion motion on December 30, 2015. (ECF No. 46.) Meanwhile, the deadline for the parties to file dispositive motions expired. To date, the Court has not issued a final ruling on Defendant's exhaustion motion.

Defendant has shown good cause for the Court to extend the deadline to file dispositive motions. Therefore, Defendant's motion to modify the Discovery/Scheduling Order shall be granted.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the Court's Discovery/Scheduling Order, filed on December 11, 2015, is GRANTED;
2. The deadline for the parties to file dispositive motions is extended from December 14, 2015 until sixty days after the date the Court rules on Defendant's exhaustion motion filed on May 1, 2015; and
3. All other provisions of the Discovery/Scheduling order of February 4, 2015, remain the same.

IT IS SO ORDERED.

Dated:   **May 4, 2016**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE